**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0603-WJM-KMT

NOBLE COMPLETIONS, LLC,

    Plaintiff,

v.

ALAN RONESS,
BRETT BALCER, and
PEAK COMPLETION TECHNOLOGIES, INC.

    Defendants.

---

### ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

---

    Plaintiff Noble Completions, LLC commenced this action on March 11, 2013. (ECF No. 3.) For the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this matter and dismisses Plaintiff's Complaint.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

    Plaintiff's Complaint states that the Court has jurisdiction over this matter based on diversity of the parties pursuant to 28 U.S.C. § 1332(a)(1). (*Id*. ¶ 5.) Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Court makes no finding regarding the amount in controversy; rather, as discussed below, the Court lacks jurisdiction because there is not complete diversity between the parties.

The Complaint alleges that Plaintiff is a Colorado Limited Liability Company, with its principal place of business located at 5415 Cinquefoil Lane, Fort Collins, Colorado 80528. (ECF No. 3 ¶ 1.) Defendants Roness and Balcer are residents of the state of North Dakota and Peak Completion Technologies, Inc. is a Texas Corporation with its principal place of business in Texas. (ECF No. 3 ¶¶ 2-4.) Thus, based on a superficial review of the Complaint, there would appear to be complete diversity between the parties.

However, for purposes of diversity jurisdiction, the citizenship of an LLC is the same as the citizenship of its members. *See Johnson v. Columbia Props., LP*, 437 F.3d 894, 899 (9th Cir. 2006); *GMAC Comm. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). The Complaint alleges that there are three members of the Plaintiff LLC: Revel Resources, LLC, Defendant Roness, and Defendant Balcer. (*Id*. ¶ 10.) Because Roness and Balcer are members of Noble Completions LLC, Plaintiff LLC is considered a resident of North Dakota. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of an LLC is determined by the citizenship of all of its members). Because both the Plaintiff LLC and two of the Defendants are citizens of North Dakota, there is not complete diversity between the parties.

Attached to the Complaint are documents showing that Roness and Balcer both intend to withdraw from their memberships in the Plaintiff LLC. (ECF Nos. 3-2 & 3-3.) The Court must judge whether it has subject matter jurisdiction at the time the Complaint is filed. *Freeport–McMoRan, Inc., v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). The Complaint alleges that Roness and Balcer are presently members of Noble Completions LLC and the statements from Roness and Balcer appear to anticipate that they will withdraw from the LLC sometime in the future. (ECF Nos. 3-2 & 3-3.) Therefore, the Court finds that, at the time the Complaint was filed, there was not complete diversity between the parties because Noble Completions LLC was a citizen of North Dakota.

For the reasons set forth above, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(1). The Clerk shall close the case.

Dated this 11th day of March, 2013.

BY THE COURT:

William J. Martinez
United States District Judge